IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 3, 2018

**STATE OF TENNESSEE v. RICKEY WILLIAMS**

**Appeal from the Criminal Court for Shelby County**
**No. 98-03611          Chris Craft, Judge**

_____

**No. W2017-01889-CCA-R3-CD**

_____

The petitioner, Rickey Williams, appeals the Shelby County Criminal Court's denial of his "Ex Parte Injunction and/or Show Cause Order." On appeal, the petitioner contends the trial court erred in summarily dismissing his motion "because his conviction is voidable." The State contends the petitioner's appeal is not properly before this Court and, despite the lack of jurisdiction, the petitioner is not entitled to relief on the merits of his claim. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and ROBERT L. HOLLOWAY, JR., JJ., joined.

Rickey Williams, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Karen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

A jury convicted the petitioner of murdering Algerine Bougard in her apartment on or about December 1, 1997, for which he received a sentence of life in prison. The petitioner appealed, and this Court affirmed his conviction and sentence. *See State v. Rickey Williams*, No. W1999-01701-CCA-R3-CD, 2001 WL 128557 at *2, (Tenn. Crim. App. Feb. 15, 2001), *perm. app. denied* (Tenn. July 16, 2001). Subsequently, the

petitioner filed a petition for post-conviction relief, claiming he received the ineffective assistance of trial counsel on several grounds and the trial court improperly instructed the jury. The post-conviction court denied the petition for post-conviction relief, and the petitioner appealed. On appeal, this Court affirmed the ruling of the post-conviction court. *Williams v. State*, No. W2006-00605-CCA-R3-PC, 2007 WL 2120174, at *5 (Tenn. Crim. App. July 24, 2007), *no perm. app. filed*.

On September 8, 2017, the petitioner filed a *pro se* motion for "Ex Parte Injuction (sic) and/or Show Cause Order" claiming, the Tennessee Department of Correction did not have "proper custody over [petitioner]'s person" because the judgments in his case do not contain a "file-stamp" showing when the judgments were entered. That same day, the trial court entered an order summarily dismissing the petitioner's motion. Specifically, the trial court noted the trial judge signed the petitioner's judgment on October 14, 1999, and that the "court jacket reflect[s] that the judgment was filed by the court clerk that date, as would the court minutes for that date." The trial court also concluded that "the lack of a file stamp on the judgment is not jurisdictional." Additionally, though not directly raised by the petitioner as a petition for writ of habeas corpus, the trial court considered his motion as such. In doing so, the trial court held that the petitioner's "conviction appears to be proper from the technical record, and has not expired. Because the petitioner has failed to show that the trial court was without jurisdiction to impose the challenged sentence, or that he is presently held on an expired sentence, he is not entitled to relief." This timely appeal followed.

*Analysis*

On appeal, the petitioner contends the trial court erred in summarily dismissing his motion arguing, his "confinement is voidable since the clerk failed to properly enter his 1997 judgment pursuant to Tennessee Rule of Criminal Procedure 32(e)." The State contends the petitioner's case is not properly before this Court because there is no appeal as of right from the denial of an "Ex Parte Injunction and/or Show Cause Order." Alternatively, the State argues the petitioner is not entitled to relief on the merits of his claim. Upon our thorough review of the record and the briefs, we affirm the decision of the trial court.

The State correctly notes the petitioner does not have a right of appeal from the denial of a motion for an "Ex Parte Injunction and/or Show Cause Order." *See* Tenn. R. App. P. 3(b). However, the trial court also considered the petitioner's motion as a petition for writ of habeas corpus. *See Castro v. United States,* 540 U.S. 375, 381, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) (allowing re-characterization of *pro se* litigants motion to place it within a different legal category). Because the trial court treated the motion as such, the petitioner's appeal is properly before this Court, and we will review

the merits of his claim. *See* Tenn. R. App. P. 36(b) (A petitioner may also appeal as of right from an order denying a petition for writ of habeas corpus.)

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101. "Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence." *Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009), *overruled on other grounds by State v. Brown*, 479 S.W.3d 200 (Tenn. 2015). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Turning to the merits of the petitioner's claim, the petitioner correctly observes that the judgment form does not show a "file-stamped" date by the clerk's office. The petitioner also correctly notes that *State v. Stephens* stands for the proposition that the date the uniform judgment document was filed with the court clerk generally determines the date the order of sentence was entered. 264 S.W.3d 719, 727 (Tenn. Crim. App. 2007).

This court has repeatedly held that the time period for certain filings begins to run from the date the uniform judgment document is stamp filed with the court clerk. *See Id.* at 730; *Graham v. State*, 90 S.W.3d 687, 689 (Tenn. 2002) (petitioner's appeal was timely filed because it "was filed within ten days of the date the trial court's order denying the motion to reopen was filed with the clerk" rather than when it was signed by the trial court.); *State v. Willie Norman*, No. W2003-02067-CCA-R3-CD, 2004 WL 2255253, at *5 (Tenn. Crim. App. Oct. 7, 2004) (defendant's notice of appeal was timely filed because it was filed within thirty days of the date in which the judgment was filed

with the clerk.); *State v. Martin Boyce*, No. W2012-00887-CCA-R3-CD, 2013 WL 4027244, at \*7-9 (Tenn. Crim. App. Aug. 6, 2013) ("Absent a 'stamp-filed' judgment, we are unable to conclude that Defendant's motion for new trial was not timely filed."); *State v. Tevin Dominique Lumpkin*, No. W2014-01064-CCA-R3-CD, 2016 WL 520535, at \*7 (Tenn. Crim. App. Feb. 9, 2016). To be clear, the file-stamped date is significant for the sole purpose of determining the timeliness of certain filings such as a motion for new trial. Because there is no file-stamp date on his judgment form, the petitioner argues that his conviction was never filed and should be set aside. We disagree.

While the origin of the judgment attached to the petitioner's pleading is unclear, what is known from the attached judgment is that it was signed by the trial court and dated as entered on October 14, 1999. Furthermore, in dismissing the petitioner's motion, the trial court found the judgment form was entered on the record and into the minutes of the court. We must, therefore, presume at some point it was received by the clerk's office but not properly file-stamped. At most, this amounts to a clerical error. In any event, a failure to comply with Rule 32(e) does not require a conviction to be set aside. *See State v. Gary Carr*, No. W2016-01525-CCA-R3-CD, 2017 WL 2493687 (Tenn. Crim. App. Jan. 5, 2017) *no perm. app. filed*. The record does not preponderate against the trial court's findings. Accordingly, the petitioner is not entitled to relief.

_____
J. ROSS DYER, JUDGE